FILED

MAY 31 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID M. McDONOUGH, | No. 11-17578 |
| Petitioner - Appellant, | D.C. No. 3:07-cv-02469-MMC |
| v. | |
| JAMES A. YATES, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, Senior District Judge, Presiding

Argued and Submitted May 13, 2013
San Francisco, California

Before: CLIFTON and BEA, Circuit Judges, and KORMAN, District Judge.[**]

Petitioner David M. McDonough challenges his state court conviction under

28 U.S.C. § 2254. He pled guilty to a total of seven counts of lewd conduct upon a

minor and received an aggregate sentence of twenty-eight years. Though the plea

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Edward R. Korman, District Judge for the Eastern District of New York, sitting by designation.

agreement specified that only two of those counts occurred after a change in California presentencing credit law, the California courts applied the later law, entitling McDonough to fewer credits, to the entirety of McDonough's presentencing confinement. *Compare* Cal. Penal Code § 4019 (providing that prisoners are entitled to fifty-percent maximum presentencing credit), *with* Cal. Penal Code § 2933.1 (reducing maximum presentencing credit to fifteen-percent for prisoners convicted of certain crimes, including lewd conduct upon a minor). The district court denied his petition. We affirm.

Under the Antiterrorism and Effective Death Penalty Act of 1996, a habeas petitioner is entitled to relief if his state court conviction was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In *Weaver v. Graham*, 450 U.S. 24 (1981), the Supreme Court determined that the Ex Post Facto clause prohibited the application of a state law that lowered the maximum sentence reduction a prisoner could earn for his good behavior. The petitioner was imprisoned for a single crime he committed approximately three years before the law took effect, and the Court concluded that the state law "substantially alter[ed] the consequences attached to a crime already completed." *Id*. at 33. By contrast, McDonough committed some of the crimes for which he

received an aggregate sentence after the change in California presentencing credit law. No Supreme Court decision addresses whether the Ex Post Facto clause prohibits a state from applying a more limited sentencing credit law to a person imprisoned in part for crimes he committed after the law took effect. Because McDonough's case is not "materially indistinguishable from a decision of [the Supreme] Court," *Penry v. Johnson*, 532 U.S. 782, 792 (2001) (citations omitted), he is not entitled to habeas relief.

**AFFIRMED.**